UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br><br>$6,614.00 IN U.S. CURRENCY,<br>Defendant | §<br>§<br>§   CIVIL ACTION NO. 2:20-cv-00275<br>§<br>§<br>§ |

<u>COMPLAINT FOR FORFEITURE IN REM</u>

The United States of America files this action for forfeiture and alleges upon information and belief:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

Defendant Cash

2. The Defendant is $6,614.00 in United States currency (the "Defendant Cash").

3. Law enforcement seized the Defendant Cash in Corpus Christi, Texas on or about May 15, 2020. The Defendant Cash is currently in an account within the custody of the United States Marshal's Service.

Jurisdiction and Venue

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), 1395, and/or 21 U.S.C. § 881(j).

## Statutory Basis for Forfeiture

6.  The Defendant Cash is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## Factual Basis

7.  On or about June 29, 2020, a federal grand jury in the Southern District of Texas, Corpus Christi Division returned an indictment charging Gabriel Thomas (Thomas), Amber Arianna Garcia and other persons, known and unknown, with conspiracy to possess with intent to distribute more than 100 grams of methamphetamine, a schedule II controlled substance, between February 25, 2020, and March 13, 2020. Thomas pled guilty to this offense on September 8, 2020. At the plea colloquy, the government averred, without objection from Thomas, that he sold methamphetamine on February 25, 2020 (24.6 grams for $300.00); March 2, 2020 (54.3 grams for $560.00); and, March 13, 2020 (101.3 grams for $1,200.00). Thomas was arrested, after a traffic stop, pursuant to the indictment on May 14, 2020 in Corpus Christi, Texas. Agents discovered, pursuant to the arrest, $6,614.00 in currency in Thomas' shorts pocket. In the vehicle, agents found a bag containing 34.7 grams of methamphetamine, a bag containing 37 grams of cocaine, a glass vial containing 38 grams of methamphetamine, and 55 grams of marijuana. He explained

the $6,614.00 in currency as being money earned working for his girlfriend's father.

8.     After the May 14 arrest, law enforcement agents discovered text messages and photographs on his telephone indicating that Thomas had been involved in making frequent retail drug sales for cash between April 5, 2020 and May 13, 2020. In his claim for the funds, Thomas asserted that he had earned the Defendant Property legally working for his girlfriend's father, however, law enforcement interviewed his girlfriend's father who denied ever employing Gabriel Thomas or paying him money.

9.     There is reason to believe that the Defendant Cash was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act.

## Conclusion

9.     The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking.

## Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must

be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1133 N. Shoreline Blvd., Corpus Christi, Texas 78401, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 800 N. Shoreline Dr., Suite 500, One Shoreline Plaza, Corpus Christi, TX 78401.

## Requested Relief

Wherefore, the United States of America requests that a judgment of forfeiture be entered against the Defendant Cash and in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: s/ Jon Muschenheim
Jon Muschenheim
Assistant United States Attorney
State Bar No.: 14741650
Federal Bar No.: 9246
800 N. Shoreline Dr., Suite 500
One Shoreline Plaza
Corpus Christi, TX 78401
(361) 888-3111
Email: jon.muschenheim@usdoj.gov

## VERIFICATION

I, Dave Bishop, a Special Agent with the United States Drug Enforcement Administration, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on the 5th day of November, 2020.

_____
David Bishop
Special Agent
U.S. Drug Enforcement Administration