United States District Court
Southern District of Texas
**ENTERED**
August 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-275 |
| | § | |
| $6,614.00 IN US CURRENCY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending are the Government's Motions to Strike.  (D.E. 9; D.E. 13 and D.E. 15).

For the reasons stated below, the undersigned **RECOMMENDS** these Motions be

**GRANTED**.

## I.      BACKGROUND

This is a civil forfeiture action related to $6,614.00 found in Gabriel Thomas'

pocket after he was arrested for conspiring to possess with intent to distribute a controlled

substance, specifically more than 50 grams of methamphetamine.  (D.E. 1; *US v. Thomas*,

Case No. 2:20-cr-848 (S.D. Tex. May 7, 2020) (Criminal Complaint)).

In the criminal case, Mr. Thomas' guilty plea was accepted on September 23,

2020.  (Case No. 2:20-cr-848, D.E. 16, D.E. 27 and D.E. 28).  On November 6, 2020,

prior to sentencing, Mr. Thomas moved to withdraw his guilty plea because his defense

counsel was unaware of a previous 2013 state felony conviction for burglary of a

habitation which made him ineligible for the First Step Act safety valve or a below-

minimum sentence.  (Case No 2:20-cr-848, D.E. 33).  He did not claim to be innocent of

the charge.  (Case No. 2:20-cr-848, D.E. 47).  His motion was granted on December 17, 2020 and on April 19, 2021, the criminal case was dismissed upon motion by the Government.  (Case No. 2:20-cr-848, D.E. 47, D.E. 61 and D.E. 62).

Proceeding *pro se*, Mr. Thomas filed a claim in this civil action on December 8, 2020 asserting the subject funds at issue were from a recent vehicle sale and from working at a ranch and delivering electronics and furniture.  (D.E. 6).  On April 22, 2021, the Government filed a Motion to Strike his claim, asserting that while Mr. Thomas signed the claim, it was not signed under penalty of perjury in accordance with Supplemental Rule G(5)(a)(i)(C) of the Federal Rules of Civil Procedure.  (D.E. 9).  Mr. Thomas was ordered to file a response and did so on May 24, 2021, stating:

> I the defendant Gabriel Thomas deny allegations & claims of the state petition etc.  The Innocent Owner Defense applies to me (1) No drug sale took place nor was intended in the making of my property. (2) My cash came from honest days work labors such [as] furniture delivery, side job electrics, & occasional ranch hand helping, along with 1 vehicle sale.
>
> Issues in which I've brought to the attention in a timely fashion on more then one occasion to the entities/parties involved, neutral & active roles alike regarding this civil suit.  One in which they've tried to tie in the currency subject at hand into criminal proceedings to better the States change of desired outcome.  Proceedings that since been dropped which they held no relevant to from the beginning.  (Upheld Innocence).
>
> In closing motion to deny forfeiture of my cash/currency earns to the States, all property/currency be return to their rightful owner Gabriel Thomas.

Plaintiff signed this filing but not under penalty of perjury.  (D.E. 11).  On June 16, 2021, the Government filed a Renewed Motion to Strike Claim.  (D.E. 13).  The Government again asserts that while Mr. Thomas signed the claim, it was not signed under penalty of

perjury in accordance with Supplemental Rule G(5)(a)(i)(C) of the Federal Rules of Civil Procedure.  Additionally, the Government asserts Mr. Thomas has failed to file an answer and that his second filing, labeled as "a written answer to a motion to strike," should not be construed as answer because it contains only a general denial instead responding to each paragraph of the Complaint as required by Federal Rule of Civil Procedure 8.

On June 24, 2021, noting Mr. Thomas is proceeding *pro se* and he has attempted to follow the correct procedure in this case, the undersigned gave Mr. Thomas an extension, until July 15, 2021, to comply with the applicable rules.  Specifically, Mr. Thomas was   ordered to file a verified claim in accordance with Supplemental Rule G(5)(a) of the Federal Rules of Civil Procedure, labeling it as a claim, identifying himself, the specific property claimed, his interest in the property and signing it under penalty of perjury.  He was further ordered to file an answer in accordance with Federal Rule of Civil Procedure 8.  Mr. Thomas was also advised that failure to comply with any order of the Court may result in the dismissal of his claim.  To date, Mr. Thomas has not complied, having not submitted any new filings to the Court since May 24, 2021. Therefore, on July 26, 2021, the Government filed a Third Motion to Strike for the reasons stated above and for Plaintiff's failure to comply with the undersigned's June 24, 2021 Order.  (D.E. 15).

## II.    LEGAL STANDARD AND DISCUSSION

Supplemental Rule G(8)(c)(i)(A) of the Federal Rules of Civil Procedure provides the Government may move to strike a claim or answer, at any time before trial, for failure to comply with Rule G(5)—the provision which governs responsive pleadings, such as

claims and answers.  These rules provide that a claimant can contest a forfeiture by filing a claim, signed under penalty of perjury, which identifies the specific property and the interest, within a certain time period following notice of the complaint.  Supplemental Rule G(5)(a)(i).  As for the answer, according to Supplemental Rule G(5)(b), it must be served and filed within twenty-one (21) days after filing the claim.

Here, while Mr. Thomas submitted a claim, it was not signed under penalty of perjury as required. (D.E. 6).  Further, Mr. Thomas did not submit an answer as the undersigned declines to construe either of Mr. Thomas' filings as one, especially given the timing requirement stated above which is long expired.  (D.E. 6 and D.E. 11).  Mr. Thomas The undersigned noted these deficiencies, instructed Mr. Thomas on how to correct them and gave him ample time to do so.  However, Mr. Thomas has not made any attempt to cure the deficiencies or otherwise set forth circumstances warranting relaxation of the strict application of the Supplemental Rules.  *United States v. 2006 Chevrolet Corvette*, No. Civ. A. 12-2492, 2013 WL 3832690, at *2 (E.D. La. July 23, 2013) ("The Court may excuse a claimant's procedural default in the 'appropriate circumstances," however, the failure "to identify any special or extenuating circumstances that warrant relaxation of the Supplemental Rules" leaves "no reason to stray" from the requirements of Rule G) (citation omitted).  He has further failed to comply with the undersigned's June 24, 2021 Order and has therefore failed to prosecute this case with reasonable diligence pursuant to Federal Rule of Civil Procedure 41(b).  Lastly, he failed to file responses to the Government's Renewed and Third Motions to

Strike and pursuant to Local Rule 7.4, this can be taken as a representation of no opposition to these Motions.

## III.     RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** the Government's Motions to Strike be **GRANTED**.  (D.E. 9; D.E. 13 and D.E. 15).  The undersigned further **RECOMMENDS** Mr. Thomas' claim to the defendant currency be stricken from the record and dismissed.

Respectfully submitted this 2nd day of August, 2021.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).